United States District Court
District of South Carolina

RECEIVED
USDC CLERK, CHARLESTON, SC

2007 JAN -4  A 7 45

Rosa Lee Pringle, aka Rosa Lee Washington,   )   C/A No. 2:06-3292-CWH-RSC
                                             )
                         Plaintiff,          )
                                             )   **Report and Recommendation**
vs.                                          )
                                             )
The Citadel,                                 )
                                             )
                         Defendant.          )
                                             )

The plaintiff, Rosa Lee Pringle also known as Rosa Lee Washington (hereafter "Plaintiff"), files this action *pro se*, and seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915. All pretrial matters in cases with a *pro se* party or application to proceed *in forma pauperis* are authorized for review by an assigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(b) and (e), D.S.C., for submission of findings and recommendations to the District Court.

## *PRO SE* REVIEW

The Plaintiff is a *pro se* litigant whose pleadings are accorded liberal construction. Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 (1980), however, even under this less stringent standard, a *pro se* complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Social Sciences, 901 F. 2d 387 (4th Cir. 1990).

## BACKGROUND

Plaintiff has a history of cases filed in this Court. The first case was filed in November 2004. *See* Pringle v. Charleston County School District, 2:04-22967-PMD-RSC (D.S.C. 2004) (hereafter "*Pringle One*"). Plaintiff subsequently filed several actions in this Court beginning in August 2006. *See* Pringle v. Trident Technical College, 2:06-2391-PMD-RSC (D.S.C. 2006) (hereafter "*Pringle Two*"); Pringle v. John Abess, MD, 2:06-2392-PMD-RSC (D.S.C. 2006) (hereafter "*Pringle Three*"); Pringle v. City of Charleston, 2:06-2508-PMD-RSC (D.S.C. 2006) (hereafter "*Pringle Four*"); Pringle v. Daniel E. Martin, Jr., 2:06-3222-CWH-RSC (D.S.C. 2006) (hereafter "*Pringle Five*"); Pringle v. Probate Court, 2:06-3259-PMD-RSC (D.S.C. 2006) (hereafter "*Pringle Six*"); and Pringle v. SC Education Dept., 2:06-3291-PMD-RSC (D.S.C. 2006) (hereafter "*Pringle Seven*"). This Court may take judicial notice of its own records in these prior cases. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Daye v. Bounds, 509 F. 2d 66 (4th Cir. 1975); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954).

In *Pringle One*, the complaint alleges employment discrimination. The Plaintiff filed an Application to Proceed Without Prepayment of Fees (Form AO-240), also known as an application to proceed *in forma pauperis* (hereafter IFP), which was granted. The undersigned filed an order directing the Plaintiff to provide answers to the Court's special interrogatories. Plaintiff answered the interrogatories, which revealed that Plaintiff failed to pursue the required exhaustion of administrative remedies with the Equal Employment Opportunity Commission prior to filing her lawsuit. The case was recommended for dismissal. On May 11, 2004, the Honorable Patrick Michael Duffy, United States District Judge for the District of South Carolina, dismissed *Pringle One* without prejudice.

Plaintiff filed *Pringle Two* and *Pringle Three* on August 25, 2006. In both cases, Plaintiff filed applications to proceed IFP, which were granted. The complaints failed to state a basis for federal jurisdiction and the allegations raised no discernable claims. The cases were recommended for dismissal. On September 26, 2006, the Honorable Patrick Michael Duffy, United States District Judge for the District of South Carolina, dismissed *Pringle Two* and *Pringle Three* without prejudice.

On September 11, 2006, two weeks after filing *Pringle Two* and *Pringle Three*, Plaintiff filed *Pringle Four*. The Plaintiff also filed an application to proceed IFP, which was granted. The complaint names the City of Charleston as the sole defendant, and the allegations appear to relate to Plaintiff's arrest. The complaint requests 88 million dollars as relief. A Report and Recommendation for summary dismissal was forwarded to the Honorable Patrick Michael Duffy, United States District Judge for the District of South Carolina.

On November 14, 2006, two months after filing *Pringle Four*, Plaintiff filed a new action, *Pringle Five*. The Plaintiff also filed an application to proceed IFP, which was recommended for denial. The complaint lists fifty-two people and entities as defendants, and the statement of claim contains one word: "Assignment". The complaint requests 88 million dollars as relief. A Report and Recommendation for summary dismissal and denial of IFP status was forwarded to the Honorable C. Weston Houck, Senior United States District Judge for the District of South Carolina.

On November 20, 2006, Plaintiff filed an <u>additional six lawsuits</u>, each with an application to proceed IFP. In *Pringle Six*, the complaint alleges "Probate Court with it's judges faultly (sic) committed plaintiff to psychiatric hospital on more than one occassions

3

(sic)." The complaint requests 88 million dollars as relief from the Probate Court, Bernard Fielding and the Charleston Dorchester Mental Health Center. A Report and Recommendation for summary dismissal and denial of IFP status was forwarded to the Honorable Patrick Michael Duffy, United States District Judge for the District of South Carolina. In **Pringle Seven**, the complaint alleges the South Carolina Department of Education "refused to send teaching certificate, though required courses had been taken." The complaint requests 88 million dollars as relief from the immune defendant. A Report and Recommendation for summary dismissal and denial of IFP status was forwarded to the Honorable Patrick Michael Duffy, United States District Judge for the District of South Carolina.

In this case, **Pringle Eight**, the complaint names the Citadel as the sole defendant, and claims the defendant failed to inform Plaintiff, a "minority," that she was entitled to a monetary "stipend" while she was pursuing a graduate degree at the educational institution from 1979 to 1988. The complaint also makes the bare allegation that Plaintiff was "falsely arrested by the Citadel." The complaint requests 2 million dollars as relief.

## DISCUSSION

As explained to Plaintiff in several of her prior cases, the burden of establishing that a federal court has jurisdiction rests upon the party asserting a case. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Davis . Pak, 856 F.2d 648, 650 (4th Cir. 1988) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. at 182-83). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does

4

not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999)(citing 2 Moore's Federal Practice § 8.03[3] (3d ed. 1997)). The complaint in this case does not contain a jurisdictional statement or allege facts that could provide this court with jurisdiction.[1] Plaintiff's claim that she was denied a "stipend" by the defendant, does not present a federal issue involving federal rights. Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id. The complaint fails to establish federal jurisdiction in this case and should be dismissed.

Additionally, this case should be dismissed as frivolous. Although the complaint could be liberally construed to raise a claim of violation of a constitutional magnitude in claiming "false arrest," no specific factual allegations are made against "persons" acting "under color of state law" as required by 42 U.S.C. § 1983.[2] It is the plaintiff's burden to allege facts sufficient to state all the elements of her claim. Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002). The "short plain statement of the claim" required by Rule 8(a) of the Federal

---

[1] The complaint's claim of "false arrest" could be liberally construed as a claim for violation of the Fourth Amendment prohibition of seizure of a person without probable cause. The complaint, however, provides no factual allegations beyond the bare assertion of "false arrest."

[2] In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980).

5

Rules of Civil Procedure, does not require detailed facts of the bases of the claim; however, the complaint must provide enough specificity to "give the defendant fair notice of what the plaintiff's claim is." Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993) *quoting* Conley v. Gibson, 355 U.S. 41 (1957). Dismissal is necessary where plaintiff's complaint fails to contain "any factual allegations tending to support [her] bare assertion." White v. White, 886 F.2d 721, 723 (4th Cir. 1989). The failure to make any factual allegations concerning deprivation of a federal right by the Citadel, the sole named defendant, not only fails to state a claim against that defendant, but also presents a frivolous complaint. The complaint presents no facts or legal contentions that could state a federal claim. A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992).

## DENY PROCEEDING *IN FORMA PAUPERIS*

Plaintiff has applied to proceed *in forma pauperis*, but her request should be denied. The denial of *in forma pauperis* status removes the privilege of filing a case without paying the filing fee. The denial also shifts the responsibility for service of process back to the filing party, as the Court will not effect service of process pursuant to 28 U.S.C. § 1915(d).[3]

Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. In Dillard v. Liberty Loan Corp., 626 F.2d 363, 364 (4th Cir. 1980), the Fourth Circuit held:

> A district court has discretion to grant or deny an in forma pauperis petition filed under §1915. Graham v. Riddle, 554 F. 2d 133 (4th Cir. 1977). This discretion, however, is limited to a determination of "the poverty and good faith of the applicant and the

---

[3] In this frivolous case, summonses will not be issued unless service is ordered by the District Court Judge. At this time, Plaintiff has not provided correctly completed service documents in this case.

meritorious character of the cause in which the relief was asked." Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46, 35 S. Ct. 236, 238, 59 L. Ed. 457 (1915).

See also Liles v. South Carolina Dept. of Corrections, 414 F.2d 612, 613 (4th Cir 1969); U. S. v. Gregg, 393 F.2d 722, 723 (4th Cir.1968). Under Graham v. Riddle, 554 F. 2d at 134, "included within the district court's discretion is the authority to deny cost-free filing when a petition is frivolous." The complaint in this case is factually and legally deficient, therefore is presentation of a frivolous action. Plaintiff has been given notice in recent prior cases of this Court's limited jurisdiction and the necessity to present claims capable of being addressed by this federal court. Yet, Plaintiff continued to pursue this frivolous case. The processing of such a frivolous action is a waste of judicial resources. Therefore, it is recommended that the Plaintiff's motion to proceed *in forma pauperis* be denied.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. See 28 U.S.C. § 1915(e)(2)(i).

It is further recommended that Plaintiff's Application to Proceed Without Prepayment of Fees (*in forma pauperis*) be denied, and she be required to pay the Three Hundred and Fifty Dollar ($350) filing fee in this case.

The plaintiff's attention is directed to the notice on the following page.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

January 3, 2007
Charleston, South Carolina

7

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).