# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Rosa Lee Pringle, *aka* Rosa Lee Washington ) | |
| ) | |
| Plaintiff, ) | C/A No.: 2:06-3292-CWH |
| ) | |
| vs. ) | |
| ) | |
| The Citadel, ) | **ORDER** |
| ) | |
| Defendant. ) | |

On November 20, 2006, the plaintiff filed the complaint and a motion to proceed in forma pauperis. The complaint alleges that the defendant failed to inform the plaintiff, a minority, that she was entitled to a monetary stipend while she was pursuing a graduate degree at the Citadel, an educational institution, from 1979 to 1988. The plaintiff also alleges that she was falsely arrested by the Citadel. The case was assigned to Magistrate Judge Robert S. Carr ("Magistrate Judge Carr") pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(b) and (e) (D.S.C.). On January 4, 2007, Magistrate Judge Carr issued a report analyzing the issues and recommending that the case be dismissed without prejudice and without issuance of service of process because the Court lacks subject matter jurisdiction over the case. Furthermore, Magistrate Judge Carr recommends that the plaintiff's application to proceed in forma pauperis be denied and that she be required to pay the Three Hundred and Fifty Dollar ($350) filing fee in this case.

On February 20, 2007, the plaintiff objected to Magistrate Judge Carr's findings, but it

was untimely filed. 28 U.S.C. § 636(b)(1). Absent a timely objection by the plaintiff, a district court is not required to review, under a *de novo* or any other standard, a magistrate judge's factual or legal conclusions. Thomas v. Arn, 474 U.S. 140, 150 (1985). Because the plaintiff failed to file her objections to the report and recommendation in a timely manner, pursuant to 28 U.S.C. § 636(b)(1), there are no portions of the report and recommendation to which a *de novo* review must be conducted. However, despite the plaintiff's failure to meet the statutory time limits for filing objections, the Court will consider the merits of her objections.

Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends." If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999). The plaintiff used the Pro Se [Non-Prisoner] Complaint Form (the "form") to state her complaint.

In this case, the plaintiff simply alleges that she was falsely arrested and provides no more information about the incident. The plaintiff's claim that the defendant denied her a stipend does not present a federal issue of law. In addition, although the complaint could be liberally construed to raise a claim of violation of a constitutional right under 42 U.S.C. § 1983 for "false arrest," the plaintiff does not make any factual allegations against "persons" acting "under color of state law" as required by 42 U.S.C. § 1983, and has therefore failed to state a claim. Gomez v. Toledo, 446 U.S. 635, 640 (1980) (stating that in order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant deprived her of a federal right, and (2) did so under the color of state law).

Furthermore, the Court finds that it lacks subject matter jurisdiction over the plaintiff's claim for false arrest.  Although the plaintiff's *pro se* complaint is liberally construed, federal courts are of limited jurisdiction.  Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  The burden is on the party asserting jurisdiction to demonstrate that jurisdiction in fact exists.  Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); *see also* Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (dismissing 42 U.S.C. § 1983 claims for lack of subject matter jurisdiction because the federal claims were so attenuated and insubstantial as to be absolutely devoid of merit).  A district court may determine that it lacks subject matter jurisdiction if it finds "insufficient allegations in the pleadings, viewing the alleged facts in the light most favorable to the plaintiff, similar to an evaluation pursuant to Rule 12(b)(6)."  Lovern, 190 F.3d at 654.  The complaint in this case does not contain a jurisdictional statement or allege facts that could provide this Court with jurisdiction.  Therefore, this Court concludes that it lacks subject matter jurisdiction and  "must dismiss the complaint in its entirety."  Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

Accordingly, the Court finds that Magistrate Judge Carr's recommendation is appropriate.  For the reasons stated above, the plaintiff's claims against the defendant are dismissed without prejudice and without issuance and service of process.  The plaintiff's motion to proceed in forma pauperis is hereby rendered moot.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

September 12, 2007
Charleston, South Carolina